# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DAVID WOOD

### DEFENDANTS
COUNTY OF LANCASTER, ET AL.

**(b)** County of Residence of First Listed Plaintiff: _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
DAVID BERLIN, WEISBERG LAW, 7 S. MORTON AVE, MORTON, PA 19070, P. 610-690-0801

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
(For Diversity Cases Only)

## IV. NATURE OF SUIT
[X] 440 Other Civil Rights

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983

Brief description of cause:
Plaintiff is seeking damages for when in the custody of a Lancaster County constable and the Lancaster County Prison he sustained serious injuries.

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $: Excess of $75,000
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
JUDGE: _____ DOCKET NUMBER: _____

DATE: Nov 20, 2025
SIGNATURE OF ATTORNEY OF RECORD: /s/ David A. Berlin

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: [Nature of Suit Code Descriptions](#).

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: Lancaster, PA

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit? Yes ☑

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? Yes ☐
   If yes, attach an explanation.

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

*A. Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief  *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify)*:_____

*B. Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____
       _____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☐ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☒ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID WOOD** <br> C/O Weisberg Law <br> 7 S. Morton Ave. <br> Morton, PA 19070 <br>               Plaintiff, <br>     v. <br><br> **COUNTY OF LANCASTER** <br> 150 North Queen Street <br> Lancaster, Pennsylvania 17603 <br><br> and <br><br> **LANCASTER COUNTY JAIL OVERSIGHT BOARD** <br> 150 North Queen Street <br> Lancaster, Pennsylvania 17603 <br><br> And <br><br> **CHERYL STEBERGER, Warden of Lancaster County Prison, in her official and individual capacities** <br> 625 East King Street <br> Lancaster, Pennsylvania 17602 <br><br> and <br><br> **JOHN DOE, Lancaster County Constable** <br> 625 East King Street <br> Lancaster, Pennsylvania 17602 <br><br> and <br><br> **PRIMECARE MEDICAL, INC.** <br> 3940 Locust Lane <br> Harrisburg, PA 17109 <br><br> and | **NO.** <br><br><br><br><br><br> **JURY TRIAL DEMANDED** |

| | |
|---|---|
| **JOHN DOE, Head Doctor of Lancaster County Prison (name currently unknown)** 3940 Locust Lane Harrisburg, PA 17109 <br><br> and <br><br> **JANE DOE, Head Nurse of Lancaster County Prison (name currently unknown)** 3940 Locust Lane Harrisburg, PA 17109 <br><br> **JOHN DOES 1–10** <br>           Defendants. | : : : : : : : : : : : : : : : : : : : |

## <u>CIVL ACTION COMPLAINT</u>

### INTRODUCTION

    This is a civil rights action under 42 U.S.C. § 1983 seeking redress for serious injuries Plaintiff sustained when, while in the custody of a Lancaster County constable and the Lancaster County Prison, he was transported in a dangerous and reckless manner that caused him to fall and suffer a dislocated hip, head wound, and other injuries.

### PARTIES

1. Plaintiff, David Wood, is an adult individual who can be served via care of his attorneys at the above captioned address.

2. Defendant, County of Lancaster, is a political subdivision of the Commonwealth of Pennsylvania that maintains and operates Lancaster County Prison. Service may be made upon the Lancaster County Solicitor, 150 North Queen Street, Lancaster, Pennsylvania 17603.

3. Defendant, Lancaster County Jail Oversight Board, is an entity created pursuant to 61 Pa.C.S. § 1723, responsible for the management and oversight of Lancaster County Prison. Service may be made upon the Lancaster County Solicitor at the above address.

4. Defendant, Cheryl Steberger ("Steberger"), Warden of Lancaster County Prison, is sued in her official capacity as the policymaker responsible for implementing and overseeing prison operations, and in her individual capacity for actions and omissions that caused or contributed to Plaintiff's injuries.

5. Defendant, John Doe, Lancaster County Constable, is a duly elected Pennsylvania constable acting under color of state law. On or about December 20, 2023, Constable Doe transported Plaintiff to and from Lancaster County Prison and the Magisterial District Court. His exact identity and residence are presently unknown, and he is therefore named herein as a John Doe defendant. Plaintiff will amend this Complaint to substitute his true name once ascertained. He may be served with process at the Lancaster County Prison, 625 East King Street, Lancaster, Pennsylvania 17602.

6. Defendant PrimeCare Medical, Inc. is a private corporation that contracts with Lancaster County to provide medical and mental health services to inmates at Lancaster County Prison. At all relevant times, PrimeCare Medical, Inc. acted under color of state law by providing constitutionally mandated medical care to detainees and prisoners.

7. Defendant John Doe, Head Doctor, is an individual whose true name is presently unknown, employed by or affiliated with PrimeCare Medical, Inc., and responsible for supervising medical services at Lancaster County Prison. Plaintiff will amend this Complaint to substitute his true name once ascertained.

8. Defendant Jane Doe, Head Nurse, is an individual whose true name is presently unknown, employed by or affiliated with PrimeCare Medical, Inc., and responsible for supervising nursing services at Lancaster County Prison. Plaintiff will amend this Complaint to substitute her true name once ascertained.

9. Defendants, John Does 1–10, is a moniker/fictitious name for individuals and entities currently unknown, including but not limited to correctional officers, medical staff, the medical director, and the nursing director affiliated with Lancaster County Prison and/or PrimeCare Medical, Inc., who will be substituted when known, as affiliated, associated, or liable hereunder for the reasons set forth below or inferred therefrom. Each of these parties is incorporated as a Defendant in each and every count and averment listed above and below.

## JURISDICTION AND VENUE

10. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

11. Venue lies in this District under 28 U.S.C. § 1391 because the events occurred in Lancaster County, Pennsylvania, within the Eastern District of Pennsylvania.

## OPERATIVE FACTS

12. On or about December 20, 2023, Plaintiff, was transported by Defendant Constable to court.

13. At the time, Plaintiff was recovering from a hip replacement surgery complicated by infection. He was prescribed antibiotics and ambulated with crutches.

14. Despite his obvious physical limitations, Defendant Constable failed to secure a wheelchair and instead attempted to assist Plaintiff on crutches.

15. At the courthouse, with no wheelchair available, Plaintiff was dangerously pushed around on an office chair.

16. After the hearing, Plaintiff was handcuffed with both hands to his right crutch. Defendant Constable assisted him in walking but provided no safe accommodations.

17. As Plaintiff was escorted back into Lancaster County Prison, a facility owned and operated by the County of Lancaster and overseen by the Lancaster County Jail Oversight Board, through the outer sally port, he lost balance and fell backwards onto the concrete.

18. Because his hands were restrained, Plaintiff could not break his fall. He suffered a dislocated prosthetic hip, a bleeding right elbow, and a laceration to the back of his head.

19. Staff at Lancaster County Prison photographed Plaintiff's injuries and provided minimal medical attention before transporting him for treatment.

20. Defendant Steberger, as Warden, was personally involved in the oversight of transport, intake, and medical response practices at Lancaster County Prison. She was aware of unsafe practices for transporting medically vulnerable detainees and failed to implement policies ensuring wheelchairs or other accommodations were available, and failed to train staff on handling disabled inmates.

21. Defendant, Head Doctor, was personally involved in establishing and approving medical policies at Lancaster County Prison. Despite Plaintiff's evident serious medical condition following his fall, Defendant Head Doctor, failed to ensure timely and adequate emergency care and permitted deficient procedures for treating traumatic injuries.

22. Defendant, Head Nurse, was personally involved in supervising the nursing staff who responded to Plaintiff's injuries. They were aware of systemic failures in intake and emergency care and failed to correct them, thereby contributing to the inadequate response to Plaintiff's injuries.

23. Plaintiff endured severe pain, medical complications, and worsening of his hip condition due to Defendants' deliberate indifference and reckless disregard for his safety.

## COUNT I
## 42 U.S.C. § 1983
### Eighth and Fourteenth Amendment Violations (Deliberate Indifference to Serious Medical Needs and Safety)
*Against Defendant John Doe Constable, John Does 1–10, PrimeCare Medical, Inc., Head Doctor, Head Nurse, and Warden Steberger in her individual capacity*

24. Plaintiff incorporates the above paragraphs.

25. Defendants acted under color of state law and displayed deliberate indifference to Plaintiff's serious medical needs and obvious safety risks.

26. Defendants' conduct violated Plaintiff's rights under the Eighth and Fourteenth Amendments.

## COUNT II
## 42 U.S.C. § 1983
### Municipal Liability (Monell)
*Against County of Lancaster, Lancaster County Jail Oversight Board, and Warden Steberger in her official capacity*

27. Plaintiff incorporates the above paragraphs.

28. The County, Board, and Warden Steberger in her official capacity maintained policies, practices, or customs of failing to provide safe transport, failing to accommodate inmates with medical needs, and permitting unsafe restraints and movement of disabled detainees.

29. These policies, practices, and customs were the moving force behind the constitutional violations suffered by Plaintiff.

## COUNT III
### NEGLIGENCE (Pennsylvania State Law)
*Against Defendant John Doe Constable and John Does 1–10 -Non-Medical Staff*

30. Plaintiff incorporates the above paragraphs.

31. At all relevant times, Defendants John Doe Constable and John Does 1–10 owed Plaintiff a duty of reasonable care in transporting him, supervising him while in custody, and ensuring his physical safety.

32. Defendants breached that duty by, inter alia:

    a. Failing to provide safe means of mobility and transport despite Plaintiff's obvious medical limitations;

    b. Improperly restraining Plaintiff in a manner that prevented him from protecting himself from a foreseeable fall;

    c. Failing to secure a wheelchair or other safe accommodation for Plaintiff's mobility needs;

    d. Escorting Plaintiff through dangerous areas without proper safeguards; and

    e. Failing to intervene or protect Plaintiff from the unsafe practices that directly led to his fall.

33. As a direct and proximate result of these breaches, Plaintiff suffered severe physical injuries, pain and suffering, emotional distress, and medical expenses.

34. Defendants' negligence was a substantial factor in causing Plaintiff's injuries.

**WHEREFORE,** Plaintiff demands judgment in her favor and against Defendants individually, jointly and/or severally, in an amount in excess of Seventy-Five Thousand ($75,000.00) Dollars, together with interest, costs, attorney's fees and such other and further relief as this Honorable Court deems just, plus injunctive relief.

**WEISBERG LAW**

<u>/s/ David A. Berlin</u>
David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Attorneys for Plaintiff